IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PATRICK PATILLO,              )
                              )
          Petitioner,         )
                              )
vs.                           )    CIVIL NO. 09-126-GPM
                              )
LISA J.W. HOLLINGSWORTH,      )
                              )
          Respondent.         )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner, a federal inmate currently confined in the United States Penitentiary located in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the deduction of $25 per quarter from his inmate trust fund account by the Bureau of Prison through its Inmate Financial Responsibility Program (IFRP).

At the outset, the Court notes that Petitioner has neither paid the required $5 filing fee nor submitted a motion to proceed *in forma pauperis*. Petitioner was advised, by letter, of the need to pay the filing fee or file a motion to proceed *in forma pauperis*. Plaintiff was warned that if he failed to submit the filing fee or file a motion to proceed *in forma pauperis*, his action would be dismissed. Even if Petitioner paid the filing fee or filed a motion to proceed *in forma pauperis*, however, the instant action would still be dismissed.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district

court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Petitioner's challenge to the IFRP is, in essence, a challenge to the execution of his federal sentence and, as such, must be addressed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Ihmoud v. Jett*, 272 Fed. Appx. 525 (7th Cir. 2008) (IFRP is means of executing an inmate's sentence and, therefore, complaints about BOP's administration of the program are cognizable under 28 U.S.C. § 2241); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (motion seeking relief on grounds concerning execution of sentence but not validity of conviction falls under § 2241). Thus, it appears that Petitioner has chosen the correct vehicle for asserting his claims.

Unfortunately for Petitioner, however, his claims lack merit. The Seventh Circuit Court of Appeals has held that allowing the BOP to collect restitution under the IFRP while a federal inmate is incarcerated in the manner described by Petitioner is not "error at all." *See United States v. Sawyer*, 521 F.3d 792, 796 (7th Cir. 2008). In *Sawyer*, the Court of Appeals stated:

> The [restitution] statute requires the judge to set a schedule if the defendant cannot pay in full at once . . . but it does not say when the schedule must begin. We hold today that it need not, and as a rule should not, begin until the defendant's release from prison. Payment until release should be handled through the Inmate Financial Responsibility Program rather than the court's auspices.

*United States v. Sawyer*, 521 F.3d at 796. Therefore, Petitioner's claim concerning the IFRP is dismissed.

Petitioner's claim concerning the 5 year "limitations period" for restitution payments also

is without merit.  The federal restitution statute has been substantially re-written and the statutory sections which Petitioner cites – and upon which his claims rely – are not applicable.  *See* Pub. L. 104-132, Title II, § 205(a)(2), April 24, 1996, 110 Stat. 1230.  The maximum repayment schedule, which takes effect on Petitioner's release from prison, is 20 years.  *Sawyer*, 521 F.3d at 797; 18 U.S.C. §§ 3664(m), 3613(b), and (c).

Based on the foregoing, Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is summarily **DISMISSED**.

**IT IS SO ORDERED**.

DATED:  03/31/09

s/ *G. Patrick Murphy*  
G. PATRICK MURPHY  
United States District Judge